UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| COREY DAY, | ) |
|       Petitioner, | ) ) ) |
|       vs. | )   Case No. 2:13-cv-00028-WTL-DKL |
| STANLEY KNIGHT, | ) ) ) |
|       Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Corey Day for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. JCU-12-10-0038. For the reasons explained in this Entry, Day's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

Day was charged with disorderly conduct. On October 18, 2012, Correctional Officer Bridget Daeger wrote a report of conduct charging Day with Class B offense 236.[1] The Conduct Report states:

> On October 18, 2012, I, Officer Daeger was downstairs in D dorm when I heard a commotion upstairs. I held on to my keys and my chits and went up the staircase slowly. As I reached the top of the stairs, I witnessed Offender Collins, Eric DOC # 225980 and Offender Day, Corey DOC # 988795 grabbing each other's shirts and pushing each other saying "come on". I immediately called a 10-10 over the radio to sergeant. As soon as the two noticed me, they split up and stated they were just playing. I instructed them both to sit down in a chair until sergeant made it over.

Conduct Report, Exhibit A.

On October 18, 2012, Day was notified of the charge of Disorderly Conduct, when he was served with the Conduct Report and the Notice of Disciplinary Hearing (Screening Report). Day was notified of his rights and pled not guilty. He was appointed a lay advocate at his request. Day did not request any physical evidence. Day requested witnesses Offenders Daryl Coleman, Donnie Darcy, and Darnell Allen. Statements from these offenders were collected. Daryl Coleman submitted the following written statement:

> Me, myself & Eric Collins & Corey Day, we all work-out together. Eric goes home this Wed. & I would hate to see both of those guys get punished for horseplaying. They made a mistake by horseplaying – never had any serious write ups. Second chance is needed. Hope that you give them a second chance.

Donnie Darcy submitted this written statement, "The two offender's were not fighting, they had just grabbed each other and kicked over a chair. That's when the officer came up stairs and seen them standing there." Darnell Allen's written statement provided the following, "I witnessed Eric Collins & Cory Day horse playing they were just having a little fun with each other.

---

[1] Class B Offense 236 is defined as "Disorderly conduct: exhibiting disruptive and/or violent conduct which disrupts the security of the facility or other area in which the offender is located." See Department of Correction's Disciplinary Process For Adult Offenders (ADP), Dkt. No. 12-2.

They are pretty cool with each other they work out together every day. I know they were not fighting."

The hearing officer conducted a disciplinary hearing in JCU-12-10-0038 on October 24, 2012. The hearing officer found Day guilty of the charge of Disorderly Conduct. In making this determination, the hearing officer considered the Conduct Report, Day's statement ("it was just honest fun"), and witness statements. The hearing officer recommended and approved the sanction of 30-days earned credit time deprivation.

Day appealed to the Facility Head on October 25, 2012. The Facility Head denied the appeal on November 1, 2012. Day appealed to the Final Reviewing Authority, who denied his appeal by letter dated November 30, 2012.

**C. Analysis**

The only argument Day presses in his reply to the return to order to show cause is his view that he was charged with a more severe offense than necessary. He insists the evidence more appropriately supports the less serious charges of Disruptive Behavior or Fighting. Day explains that both offenders involved in the incident were not injured and did not require medical treatment. "It just seems wrong that Petitioner Corey Day was charged with such a serious offense considering the facts and actions of the offenders just having fun." Dkt. 15 at p. 4.

This argument is not persuasive. The respondent correctly points out that the evidence showed that Day caused a commotion, was pushing and shoving another offender, and a chair was kicked over in the process. The conduct report documents that Officer Daeger heard a commotion and saw Day and another offender grabbing and pushing each other. This conduct fits within the definition of Disorderly Conduct: "exhibiting disruptive and/or violent conduct which disrupts the security of the facility or other area in which the offender is located." The officer could hear the

offenders from downstairs, and they did not split up until they saw her. Regardless of what was in the minds of the two offenders, their conduct disrupted the security of the facility. The commotion diverted the attention of Officer Daeger, as well as the three other offenders who provided witness statements. These facts are "some evidence" to support the charge of Disorderly Conduct. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content and surrounding circumstances of the conduct report that Day's conduct was disorderly. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the . . . [conduct board=s] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

Day is not entitled to habeas relief because he was afforded due process. He received 24-hour notice of the charge against him and, at the time he received notice of the charge, he was given the opportunity to request witnesses and evidence. He requested three witnesses, all of whom provided written statements. He did not request any physical evidence. The Conduct Report, offender's statement, and witness statements were presented to and considered by the hearing officer. In addition, Day received a copy of the Report of Disciplinary Hearing, which documented the evidence on which the hearing officer relied and the basis for her decision. There is no evidence that the hearing officer was biased. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003)(citations omitted) (Finding adjudicators in prison disciplinary cases "are entitled to a presumption of honesty and integrity. . . ."). Finally, the Conduct Report and witness statements

4

provide "some evidence" that Day engaged in Disorderly Conduct.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Day to the relief he seeks. Accordingly, Day's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/26/2013

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

COREY DAY
988795
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Frances Hale Barrow
DEPUTY ATTORNEY GENERAL
Email: frances.barrow@atg.in.gov